FILED
2025 Oct-16 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION**

**CANDICE HALE,**

**PLAINTIFF(S),**

**V.** **CASE NO.:**

**PETER MOHLER, PAUL MESSINA, UTZ MCNIGHT, AND JAMES DALTON,** **JURY TRIAL DEMANDED**

**DEFENDANT (S).**

# COMPLAINT

## I. INTRODUCTION

COMES NOW, Candice Hale ("Plaintiff" or "Hale"), by and through her undersigned counsel, and files this Complaint for violation of her rights guaranteed under the First Amendment to the United States Constitution. The right to speak freely without fear of government retaliation is the bedrock upon which our democracy stands. When Candice Hale spoke about the death of Charlie Kirk, a political figure—commentary on a matter of undeniable public concern—she was exercising the very freedom the First Amendment was designed to protect. Yet for this lawful expression, she was fired. Her termination sends a chilling message: those who dare to voice their views on political matters do so at their own peril. This case seeks to vindicate not only Ms. Hale's constitutional rights, but the principle that no American should lose their livelihood for engaging in the kind of political discourse

that democracy requires. In support thereof, Plaintiff respectfully shows the following:

## II. JURISDICTION

1. This is a civil action arising under the First Amendment to the United States Constitution; 42 U.S.C. § 1983; and under the Constitution, common law, and statutes of the State of Alabama state law and accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343(a)(3) & 28 U.S.C. § 1367 for any applicable pendent state law claims.

2. Venue is proper in the Northern District of Alabama because the damages complained of occurred within this district consistent with 28 U.S.C. § 1391(b).

## III. PARTIES

3. Candice Hale is an adult resident of Gadsden, Etowah County, Alabama.

4. Peter Mohler is an adult resident of Tuscaloosa, Tuscaloosa County, Alabama.

5. At all times relevant to this complaint, Mohler was the President of The University of Alabama.

6. Mohler is a policymaker maker and the termination of Plaintiff by his subordinates was an act of official policy. As such, Mohler is sued in his official capacity.

7. Paul Messina is an adult resident of Tuscaloosa, Tuscaloosa County, Alabama.

8. At all times relevant to this complaint, Messina was the Dean of J. Frank Barefield Jr. College of Arts and Sciences.

9. Messina is sued in his individual capacity.

10. James Dalton is an adult resident of Tuscaloosa, Tuscaloosa County, Alabama.

11. At all times relevant to this complaint, Dalton was the Executive Vice President and Provost at the University of Alabama.

12. Dalton is sued in his individual capacity.

13. Utz McKnight is an adult resident of Tuscaloosa, Tuscaloosa County, Alabama.

14. At all times relevant to this complaint, McKnight was the Chair of the Gender and Race Studies Department and Associate Dean of Strategic Initiatives, Recruitment, and Retention, Barefield College of Arts & Sciences at The University of Alabama.

15. McKnight is sued in his individual capacity.

## IV. FACTS

16. The plaintiff realleges and reincorporates each of the previous paragraphs as is fully set out herein.

17. At all times relevant to this complaint, Hale was employed at The University of Alabama as a part-time temporary instructor in the College of Arts and Sciences.

18. Hale was hired on or about July 27, 2023.

19. Hale received no discipline during the time that she worked for the University of Alabama.

20. All of Hale's performance appraisals met expectations.

21. Although her contract was called temporary, Hale's appointment was renewed each semester after her initial appointment.

22. On or about September 10, 2025, Charlie Kirk, a political activist and influencer, was killed as he was giving a talk in Utah.

23. Kirk was a republican activist.

24. Kirk regularly engaged in activism related to free speech, once posting on social media, "Hate speech does not exist legally in America. There's ugly speech. There's gross speech. There's evil speech. And ALL of it is protected by the First Amendment."

25. Kirk was giving a talk at a college campus event when he was fatally shot. As a result, his killing was livestreamed in its entirety, and a manhunt ensued to find his killer, causing intense media coverage.

26. In the aftermath of Kirk's death, President Donald Trump ordered federal flags to be flown at half-staff, and many government officials and political activists mourned his death publicly.

27. Kirk's supporters, including many in government like the Governor of Utah, characterized the violence as a political assassination.[1]

28. Kirk's death sparked debate around the country about his beliefs, rhetoric, and the way in which others should express themselves in response to his death.

29. On or about September 11, 2025, Candace Hale posted the following comment on her personal social media profile.

[1] https://www.nbcnews.com/politics/politics-news/charlie-kirks-death-prompts-outpouring-shock-grief-condemnations-polit-rcna230472 last accessed on October 9, 2025.




30. The post contained no threat of violence.

31. Nor did the post suggest that violence was appropriate.

32. Nor did the post reference her work as an instructor or her affiliation with the University of Alabama.

33. On or about September 16, 2025, Paul Messina, in consultation with James Dalton and Utz McKnight, terminated Hale's employment, citing her online posts.

34. In the letter, Messina directly addressed Hale's speech concerning Charlie Kirk's death as the reason for her termination.

35. The letter made no reference to any University of Alabama policy or prohibition.

36. Hale has not been allowed to return to her job.

37. Even though Hale spoke only in her own capacity on a personal social media account and violated no rules, her employment was terminated causing significant reputational harm and future lost wages.

## V. CAUSES OF ACTION

### COUNT I: SECTION 1983 - FIRST AMENDMENT VIOLATION

### Against All Defendants

38. Each of the paragraphs of this Complaint is realleged and incorporated as if fully restated herein.

39. The First Amendment of the United States Constitution protects a citizen's right to engage in protected speech and expression through protest and advocacy, without government retaliation.

40. Public employees do not relinquish the First Amendment rights that they would otherwise enjoy as a citizen to comment on matters of public interest.

41. After Charlie Kirk's untimely death at the hands of an alleged political assassin, Plaintiff engaged in protected activity when she spoke about her feelings about his behavior while alive.

42. Hale did not violate any University of Alabama rule or policy.

43. Hale's speech was about an issue of public concern: the allegedly politically motivated killing of a public figure.

44. Messina, Dalton, and McKnight consulted with each other and agreed to terminate Plaintiff's employment.

45. The First Amendment right to speech and expression without government retaliation is a clearly established right.

46. Defendants, acting under color of state law, terminated Hale's employment because of her speech.

47. Defendants intentionally retaliated against Plaintiff because she exercised her First Amendment rights.

48. Defendants did so with full knowledge that their actions could violate the First Amendment.

49. Defendants' actions adversely affected Plaintiff's constitutionally protected speech and directly and proximately caused Plaintiff to suffer monetary damages, reputational harm, as well as emotional distress and humiliation.

50.

**COUNT II: VIOLATION OF ARTICLE I SECTION 4**

**OF THE ALABAMA CONSTITUTION**

**Against All Defendants**

51. Each of the paragraphs of this Complaint is realleged and incorporated as if fully restated herein.

52. Article I Section 4 of the Alabama Constitution protects a citizen's right to engage in protected speech and expression through protest and advocacy, without government retaliation.

53. After Charlie Kirk's untimely death at the hands of an alleged political assassin, Plaintiff engaged in protected activity when she spoke about her feelings about his behavior while alive.

54. Hale did not threaten or exhibit violence in her posts.

55. Hale's speech was about an issue of public concern: the allegedly politically motivated killing of a public figure.

56. Defendants' actions in terminating Hale's employment adversely affected Plaintiff's constitutionally protected speech and directly and proximately caused Plaintiff to suffer monetary damages, reputational harm, as well as emotional distress and humiliation.

**COUNT III: WANTONNESS**

**Against Messina, Dalton, and McKnight**

57. Plaintiff reincorporates and realleges all of the preceding paragraphs as if fully set out herein.

58. Defendants consciously and deliberately acted with the intent to cause injury to plaintiff's personal or property rights.

59. Defendants took those actions under circumstances that imply evil intent.

60. All these actions were taken recklessly or with conscious disregard for the Plaintiff's rights.

61. Defendants' further acts subjected Plaintiff to cruel and unjust hardship in conscious disregard for her rights.

62. As a proximate result of the Defendants' wantonness, Plaintiff was caused to suffer the following injuries and damages: Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the Defendant. Plaintiff, as a proximate result of the Defendant's said conduct, was caused to lose income.

63. Plaintiff claims punitive damages from the Defendants because of their wanton conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. An award of compensatory damages, including all appropriate pre- and post-judgment interest, in an amount to be determined that would adequately compensate for their injuries caused by the conduct of the Defendants alleged herein (as well as the cost of treating those injuries), including, but not

limited to: physical harm, emotional distress, pain and suffering, embarrassment, and feelings of unjust treatment.

B. An award of punitive damages in an amount to be determined for the intentional and reckless conduct alleged herein that would effectively deter the Defendants and others similarly situated from engaging in similar behavior in the future;

C. An award of costs and reasonable attorneys' fees in this action under 42 U.S.C. §§ 1983, 1988, and 12205; and 29 U.S.C. § 794a;

D. Trial by jury;

E. Issue a preliminary injunction pursuant to USCS Fed Rules Civ Proc R 65 ordering defendant to immediately reinstate plaintiff to her former position with the same salary, benefits, and conditions of employment that she enjoyed prior to her unlawful termination, pending final resolution of this action.

F. Issue a permanent injunction ordering Defendant Mohler to reinstate plaintiff to her former position and prohibiting defendant from taking any retaliatory action against plaintiff for engaging in constitutionally protected speech. Appropriate injunctive relief; and

G. Such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

*/s/ Kira Fonteneau*
Kira Fonteneau

OF COUNSEL:
The Workers Firm LLC
2 North 20th St, Suite 900
Birmingham, AL 35203
T. 404.382.9660 F. 205.651.4130
fonteneau@theworkersfirm.com