# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **CANDICE HALE,**<br>Plaintiff; | ) ) ) | |
| **v.** | ) ) ) | **CASE NO.**<br>**7:25-cv-01786-EGL** |
| **PETER MOHLER et al.,**<br>Defendants. | ) ) ) | |

## PLAINTIFF'S MOTION TO REINSTATE AND REQUEST FOR EVIDENTIARY HEARING

COMES NOW Plaintiff Candice Hale, by and through her undersigned counsel, and in response to this Court's Order (Doc. 38) files this Motion requesting that the Court reinstate this action. Additionally, Plaintiff requests that this Court hold an evidentiary hearing to determine whether any purported settlement agreement was validly entered into. In support of the aforementioned, Plaintiff asserts the following.[1]

## STANDARD OF REVIEW

Fed. R. Civ. P. 60(b) allows a court to "relieve a part or its legal representative from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" (60(b)(1)) and "any other reason that justifies relief" (60(b)(6)). This Motion to Reinstate the case is filed under Rule 60,

---

[1] A Declaration from Plaintiff Dr. Candice Hale supporting the claims made in this Motion is attached.

1

requesting that this Court relieve Plaintiff from its June 12, 2026 Final Order dismissing the case without prejudice under the belief that a settlement agreement had been reached. (Doc. 24).

## ARGUMENT

The case is due to be reinstated and the alleged settlement agreement held unenforceable for several reasons.

Courts in the Eleventh Circuit look to state law to determine whether an attorney has the authority to enter into a settlement agreement. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). Thus, this Court must consider whether an agreement was entered into under Alabama law.

<u>Plaintiff's Prior Counsel Did Not Have Full Settlement Authority</u>

A settlement agreement is simply a contract. *Iwtns, Inc. v. Motionmobs, LLC*, SC-2024-0591, 2025 Ala. LEXIS 76 at *7 (Aug. 22, 2025). Under Alabama law, "it is always a question of fact as to whether an attorney has the authority to make a settlement on behalf of [her] client." *Alexander v. Burch*, 968 So. 2d 992, 996 (Ala. 2006) (quoting *Warner v. Pony Express Courier Corp.*, 675 So. 2d 1317, 1320 (Ala. Civ. App. 1996)) (further internal quotes omitted). "Any attorney may not consent to a final disposition of his client's case without express authority…a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry." *Id.* (internal quotes omitted). "An

2

attorney…has no implied or inherent authority or right to compromise and settle [a lawsuit]…. An agent's apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent." *Id.*

Plaintiff's prior counsel explicitly was not given the authority by Plaintiff to settle this action for a dollar amount under $100,000, nor was she given the authority to settle this action under terms that included a full employment ban or that did not include a meeting with the University president or dean. The version of the agreement that Plaintiff's prior counsel negotiated did not meet Plaintiff's stated required criteria. Any such purported agreement was not "founded upon the conduct of the principal" (Dr. Hale), but was rather based upon the conduct of the agent. See also *Fortson v. Quality Rest. Concepts*, 2015 U.S. Dist LEXIS 93057 at *3-4, *6 (M.D. Ala. July 17, 2015) (finding that, where the client had not given the attorney the authority to settle the case without a monetary payment, "[b]ecause the terms of the purported settlement agreement upon which Defendant relies do not include a monetary payment, any settlement agreement on those terms would have been outside the scope of [the attorney's] authority.")

<u>The Purported Agreement Is Unsigned and Therefore Unenforceable</u>

An attorney's authority to bind her client to a settlement agreement is governed by Ala. Code § 34-3-21, which states that "[a]n attorney has authority to bind [her] client, in any action or proceeding, by any agreement in relation to such

case, made in writing, or by an entry to be made on the minutes of the court." Here, there is no entry made upon the minutes of the court and the question is whether communication between Plaintiff's counsel and Defendants' counsel, plus the pages of the purported agreement itself, are enough to bind Dr. Hale. They are not.

In *Contractor Success Group v. Service Thrust Org.*, 681 So. 2d 212, 215 (Ala. Civ. App. 1996), a settlement agreement was held unenforceable against parties where neither the parties themselves nor their attorneys had actually signed the envisioned agreement. There, as here and as in *Phillips v. Knight*, 559 So. 2d 564 (Ala. 1990), "[t]here is no document in the record showing that a 'meeting of the minds' ever occurred to the extent that **any** of the documents were signed by [the party] or [her] attorney" and granting a motion to enforce such an agreement would be in error as a matter of law. *Contractor Service Group*, 681 So. 2d at 215 (quoting *Phillips v. Knight*, 559 So. 2d at 568-69 (emphasis in original)). See Exhibit A (Purported Settlement Agreement, signed only by one party's attorney and no other attorney or party). See also *BFI Waste Servs., L.L.C. v. Circle J Roll-Offs, Inc.*, 934 So. 2d 1058, 1060 (Ala. Civ. App. 2005) (finding no valid settlement agreement in part because "the record indicates that the attorneys for [the parties] did not *execute* a written settlement agreement." (emphasis added)).

<u>Any Agreement Is Unenforceable Due to Unconscionability and/or Duress</u>

A party against whom a purported settlement agreement is attempted to be enforced "may be relieved of contractual obligations upon a showing that [she] was compelled to execute the agreement that is sought to be disavowed by economic duress." *McClain v. Warren*, Case No. 5:23-cv-00592-LCB, 2025 U.S. Dist. LEXIS 96950 at *24 (N.D. Ala. Apr. 23, 2025) (quoting *Edwards v. Kia Motors Am., Inc.*, No. CV-05-S-1510-NE, 2006 U.S. Dist. LEXIS 96154 at *7 (N.D. Ala. May 17, 2006), *aff'd in part question certified sub nom. Edwards v. Kia Motors of Am., Inc.*, 486 F.3d 1229 (11th Cir. 2007), *certified question answered*, 8 So. 3d 277 (Ala. 2008), and *aff'd sub nom. Edwards v. Kia Motors of Am., Inc.*, 554 F.3d 943 (11th Cir. 2009)). Economic duress requires a showing of "(1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats; [and] (3) the absence of any reasonable alternative to the terms presented by the wrongdoer." *Id.* (quoting *Penick v. Most Worshipful Prince Hall Grand Lodge F & A M of Alabama, Inc.*, 46 So. 416, 431 (Ala. 2010) (internal citations omitted)).

Here, the "wrongful act[]" is the very termination that spurred Plaintiff to file this suit in the first place. The ending of Plaintiff's employment has caused her significant financial distress and put her and her immediate family at risk. Finally, despite Plaintiff's attempts to assert her own terms, Plaintiff did not have the meaningful opportunity to enact them, for many of the reasons outlined above. The purported agreement should be held invalid due to duress.

A court may rescind a contract in whole or in part for unconscionability. *Layne v. Garner*, 612 So. 2d 404, 408 (Ala. 1992). Alabama law lacks an explicit standard for determining whether a contract or provision is unconscionable, but courts consider four factors: whether there was an absence of meaningful choice on one party's part, whether the contractual terms are unreasonably favorable to one party, whether there was unequal bargaining power among the parties, and whether there were oppressive, one-sided, or patently unfair terms in the contract. *Id.* Alabama law also recognizes a distinction between procedural and substantive unconscionability. *Blue Cross Blue Shield v. Rigas*, 923 So. 2d 1077, 1086 (Ala. 2005). Procedural unconscionability refers to "procedural deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms, today often analyzed in terms of whether the imposed-upon party had meaningful choice about whether and how to enter into the transaction." *Id.* at 1087. Substantive unconscionability "relates to the substantive contract terms themselves and whether those terms are unreasonably favorable to the more powerful party, such as…provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction." *Id.* at 1086-87 (quoting *Ex parte Thicklin*, 824 So. 2d 723, 731 (Ala. 2002)).

6

Here, the most evidently substantively unconscionable term in the purported settlement agreement is that which prevents Dr. Hale from "apply[ing] for or accept[ing] any other job or employment opportunity offered or posted by AU (including Auburn University, Auburn University at Montgomery, the Alabama Agricultural Experiment Station, and the Alabama Cooperative Extension System) or the University of Alabama System (Birmimgham/Huntsville/Tuscaloosa)." Dr. Hale is dependent on her ability to instruct for her income, and preventing her from taking any employment at essentially any of the public four-year colleges in the state limits her employment options to such a degree as to be unconscionable. Furthermore, for similar reasons to those which ought to render the "agreement" invalid due to duress, the "agreement" is also procedurally unconscionable. Dr. Hale did not have a "meaningful choice about whether and how to enter into the transaction" due to her former attorney having negotiated an agreement that included multiple provisions that Dr. Hale had specifically stated were not to be included in any eventual agreement.

## REQUEST FOR EVIDENTIARY HEARING

Eleventh Circuit precedent confirms that whenever there are disputed material facts containing either the existence of or the terms of a settlement agreement, or when there is a material dispute about the authority of an attorney to enter into a settlement agreement on her client's behalf, the parties are entitled to an evidentiary

7

hearing. *Murchison*, 13 F.3d at 1485. Similarly, an Alabama court abused its discretion when it summarily denied a party's *pro se* motion to set aside an order of dismissal that found a settlement agreement "without at least holding a hearing on the issue of the attorney's authority to settle the case." *Warner v. Pony Express Courier Corp.*, 675 So. 2d at 1321. As noted above, numerous material facts are at issue in this case, and so Hale herein formally requests an evidentiary hearing. determination is necessarily fact dependent and requires further underscores the need for and Hale's entitlement to an evidentiary hearing as to whether any settlement agreement was validly entered into.

## CONCLUSION

WHEREFORE, the above premises considered, Plaintiff requests that this Court reinstate this case and hold the purported "settlement agreement" invalid and/or a nullity, or in the alternative that this Court hold an evidentiary hearing which will allow her to show that no settlement agreement has been validly entered into.

Respectfully submitted this the 27th day of July, 2026,

*/s/Richard A. Rice*
Richard A. Rice
ASB8387I66R
*/s/ Spencer E. Bowley*
Spencer E. Bowley
ASB9281Y44Q
**ATTORNEY FOR PLAINTIFF**
THE RICE FIRM, LLC
PO BOX 453, Birmingham, AL 35201

P: 205.618.8733
F: 888.391.7193
E: rrice@rice-lawfirm.com
E: spencer@rice-lawfirm.com

# CERTIFICATE OF SERVICE

I certify that on this 27th day of July, 2026 I have filed the foregoing with the Clerk Court using the electronic document filing system utilized by this court, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid.

**Kira Y Fonteneau**
The Workers Firm
Alabama
2 North 20th Street
Suite 900
Birmingham, AL 35203
404-382-9660
Email: fonteneau@theworkersfirm.com

**Jay M Ezelle**
**Samuel Arthur Cochran**
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Ste Seventh Floor
Birmingham, AL 35209
205-868-6025
205-868-6079
Fax: 205-868-6099
Email: JEzelle@starneslaw.com
Email: scochran@starneslaw.com

*/s/ Spencer E. Bowley*
SPENCER E. BOWLEY